**Dharminderpal SINGH, Petitioner,**

v.

**Alberto R. GONZALES, Attorney General, Respondent.**

**No. 03–73976.**

**Agency No. A78–434–706.**

United States Court of Appeals, Ninth Circuit.

---

Submitted Oct. 17, 2005.*

Decided Oct. 20, 2005.

Robert B. Jobe, Esq., Law Offices of Robert B. Jobe, San Francisco, CA, for Petitioner.

Regional Counsel, Western Region Immigration & Naturalization Service, Laguna Niguel, CA; and Hillel Smith Fax, DOJ—U.S. Department of Justice, Civil Div./Office of Immigration Lit., Washington, DC, for Respondent.

Before TROTT and RYMER, Circuit Judges, and PLAGER,** Senior Circuit Judge.

## MEMORANDUM ***

Dharminderpal Singh is a native and citizen of India who petitions for review of the denial by the Board of Immigration Appeals of his application for asylum, withholding of removal, protection under the Convention Against Torture, and voluntary departure. We deny the petition.

An immigration judge must articulate a legitimate basis to question the applicant's credibility, and must offer specific and cogent reasons for any stated disbelief. *Gui v. INS*, 280 F.3d 1217, 1225 (9th Cir.2002). "Any such reason must be substantial and bear a legitimate nexus to the finding." *Salaam v. INS*, 229 F.3d 1234, 1238 (9th Cir.2000) (internal quotations omitted). To reverse the IJ, this court "must find that the evidence not only *supports* [a contrary] conclusion, but *compels* it...."

*INS v. Elias–Zacarias*, 502 U.S. 478, 481 n. 1, 112 S.Ct. 812, 117 L.Ed.2d 38 (1992). "So long as one of the identified grounds is supported by substantial evidence and goes to the heart of [the alien's] claim of persecution, we are bound to accept the IJ's adverse credibility finding." *Wang v. INS*, 352 F.3d 1250, 1259 (9th Cir.2003).

Among other bases, the IJ relied on inconsistencies having to do with Singh's admission to the Johal Surgical Hospital and the treatment he received while there. These inconsistencies go to the heart of the asylum claim, as Singh's hospitalization followed his detention by the police. Singh was given an opportunity to explain the inconsistencies. Substantial evidence supports the IJ's finding that Singh's testimony on this key aspect of his claim undermines his credibility on his detention and the extent of any abuse.

PETITION DENIED.

---

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** The Honorable S. Jay Plager, Senior Circuit Judge for the Federal Circuit, sitting by designation.

*** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36–3.